UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHERYL & CO.,**

    **Plaintiff,**

Case No.: **2:18-cv-01485**
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

v.

**CHERYL L. KRUEGER,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Before the Court is Defendant CKE Management's ("Defendant" or "CKE") Motion to Certify the Court's September 10, 2020 Opinion and Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b). (ECF No. 147.) For the following reasons, Defendant's motion is **DENIED**. (ECF No. 147.)

### I.

On December 26, 2019, CKE asserted an Amended Counterclaim against Plaintiff Cheryl & Co. ("Cheryl & Co.") advancing an Ohio common law unfair competition tort for malicious litigation. (ECF No. 107.)[1] Cheryl & Co. moved to dismiss CKE's Amended Counterclaim on January 9, 2020. (ECF No. 110.) On September 10, 2020, this Court granted Cheryl & Co.'s motion and dismissed CKE's common law tort claim, holding that this claim is preempted by

---

[1] For more background on this case, see the Court's September 10, 2020 Opinion and Order. (ECF. No. 146 at 1–5.)

1

Federal Rule of Civil Procedure 11. (ECF No. 146 at 10–15.)  On September 30, 2020 CKE filed the motion now before the Court.  (ECF No. 147.)

## II.

CKE asks this Court to certify an interlocutory appeal of the Court's September 10, 2020 Opinion and Order (ECF No. 146) dismissing CKE's counterclaim.

### A. Standard for Certification of an Interlocutory Appeal

28 U.S.C. § 1292(b) permits a district court to certify an interlocutory appeal of an order if the order: "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Through this statute, "Congress … chose to confer on district courts first line discretion to allow interlocutory appeals." *Turi v. Main Street Adoption Servs., LLP*, 633 F.3d 496, 504 (6th Cir. 2011), *abrogated on other grounds by Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019).

"Allowing for interlocutory appeal is generally disfavored and should be applied sparingly, in only exceptional cases." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 917 (S.D. Ohio 2013); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *Binger v. Alpont Transportation LLC*, No. 2:17-CV-570, 2019 WL 8331431, at *1 (S.D. Ohio Nov. 18, 2019).  The party seeking appellate review bears the "burden of showing exceptional circumstances justifying an interlocutory appeal." *Hawes v. Macy's Inc.*, No. 1:17-CV-754, 2019 WL 1492237, at *2 (S.D. Ohio Apr. 4, 2019) (internal citation omitted).

### B. Application

CKE argues that all three requirements of 28 U.S.C. § 1292(b) are met. The Court disagrees. Regardless of the first two requirements, CKE has failed to show that an interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

An interlocutory appeal materially advances the litigation if it "saves substantial judicial resources and litigant expense." *Binger*, 2019 WL 8331431, at *4 (quoting *In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 851 (W.D. Tenn. 2010)). "When litigation will be conducted in substantially the same manner regardless of [the Court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351.

This case will be "conducted in substantially the same manner" regardless of the outcome of an appeal. *Id.* CKE seeks review of this Court's decision dismissing its counterclaim for the common law tort of unfair competition for malicious litigation. (ECF No. 147 at 2.) CKE asserted this counterclaim against Cheryl & Co. on grounds that Cheryl & Co. initiated this action to "harass, annoy, intimidate, financially harm, or gain an unfair advantage over CKE." (ECF No. 107 at ¶41.) Further, CKE claimed that Cheryl & Co.'s claims are "premised upon supposedly distinctive trade dress that is, in reality, commonplace in the industry, and non-existent agreements, false assertions and speculative and conclusory allegations for which neither Cheryl's nor any reasonable litigant could believe would realistically lead to success on the merits." (*Id.* at ¶42.)

As the Court noted in dismissing CKE's counterclaim as preempted by Rule 11, CKE's allegations against Cheryl & Co., if true, would violate Rule 11. Thus, as this case proceeds, CKE can still pursue relief under Rule 11 for this alleged conduct, notwithstanding the dismissal of its

common law tort claim.  CKE also remains free to assert these allegations in its defense against Cheryl & Co.'s claims.  CKE's counterclaim for malicious litigation depended on the merits of Cheryl & Co.'s claims.  The merits of Cheryl & Co.'s claims must be litigated in this case even in the absence of CKE's counterclaim.  Therefore, an interlocutory appeal at this stage would do little to "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

At bottom, this is not an "exceptional case" warranting review under 18 U.S.C. § 1292(b). *In re City of Memphis*, 293 F.3d at 350.  An appeal at this stage would not operate to conserve judicial resources and would add time and expense litigating this action.  CKE may appeal the Court's dismissal of its counterclaim following a final judgment in this case.

### III.

Accordingly, Defendant's Motion to Certify the Court's September 10, 2020 Opinion and Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) is **DENIED**.  (ECF No. 147.)

**IT IS SO ORDERED.**

**10/29/2020**  **s/Edmund A. Sargus, Jr.**
**DATE** **EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**